IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN D. CROSSWHITE,

    Plaintiff,                    No. 2:12-cv-1493 JAM GGH PS

    vs.

JAMES RUGGIERO,

    Defendant.                 ORDER AND
                                        FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). (Dkt. No. 3.) Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\\

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.

6  To avoid dismissal for failure to state a claim, a complaint must contain more than
7  "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a
8  cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
9  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
11 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
12 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
13 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
14 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
15 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
16 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
17 Rhodes, 416 U.S. 232, 236 (1974).

18 Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
19 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it
20 is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in
21 forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v.
22 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

23 Here, although the complaint's allegations are somewhat vague, plaintiff appears
24 to allege that defendant James Ruggiero, a judge in the Shasta County Superior Court, violated
25 the law when he did not release plaintiff after he served his maximum time sentence because
26 plaintiff was "mental."  Plaintiff claims that defendant wrongly and illegally listened to a social

worker and ordered him to serve more time under the supervision of CONREP.[1]  According to plaintiff, he was never proven to be a danger to others legally, because he didn't start any fights or threaten to harm or kill anyone during the time he was incarcerated.  Plaintiff is no longer incarcerated, receives SSI benefits, and is staying in a board and care home.  Plaintiff contends that defendant is a "corrupt and evil dictator" for enforcing "corrupt and evil laws."  He does not state exactly what claim he asserts against defendant Ruggiero, but notes that it is a "federal question case."  Plaintiff requests that he be awarded damages in the amount of $5 million for years of pain and suffering, presumably under 42 U.S.C. § 1983, and that defendant receive a long prison sentence in the federal penitentiary.

In this case, it is readily apparent that defendant Ruggiero is immune from liability.  "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts...Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).  A judge can lose his or her immunity when acting in clear absence of jurisdiction, but one must distinguish acts taken in error or acts that are performed in excess of a judge's authority (which remain absolutely immune) from those acts taken in clear absence of jurisdiction.  Mireles v. Waco, 502 U.S. 9, 12-13 (1991) ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error...or was in excess of his authority.")  Thus, for example, in a case where a judge actually ordered the seizure of an individual by means of excessive force, an act clearly outside of his

---

[1] According to the California Department of Mental Health, "CONREP is a program for judicially committed persons found by the courts to be Not Guilty by Reason of Insanity [Penal Code (PC) Section 1026 or Welfare and Institutions Code (WIC) 702.3]; Incompetent to Stand Trial (PC 1370); Persons that had been committed as Mentally Disordered Sex Offenders under the provisions of PC 6316, (repealed in 1981); Mentally Disordered Offenders (PC 2962), Prison inmates required to receive mental health treatment as a condition of parole; and Civilly committed Mentally Disordered Offenders (PC 2972) - MDO parolees in CONREP who have completed their sentence but remain severely mentally ill."  See http://www.dmh.ca.gov/services_and_programs/forensic_services/conrep/default.asp.

legal authority, he remained immune because the order was given in his capacity as a judge and not with the clear absence of jurisdiction. Id.; see also Ashelman, 793 F.2d at 1075 ("A judge lacks immunity where he acts in the clear absence of jurisdiction...or performs an act that is not judicial in nature.")

Here, defendant Ruggiero's orders regarding plaintiff's incarceration and/or commitment to CONREP are clearly judicial acts, because defendant Ruggiero issued the orders in his capacity as a judge in a criminal matter pending before him.  Furthermore, even assuming *arguendo* that defendant Ruggiero erred or somehow acted in excess of his authority, a subject on which this court expresses no opinion, defendant Ruggiero did not act in clear absence of jurisdiction when he issued the orders in a case pending before him.  Accordingly, defendant Ruggiero is immune from civil liability for damages.  Finally, with respect to plaintiff's request that criminal proceedings be instituted against defendant Ruggiero and that he be sentenced to imprisonment in the federal penitentiary, plaintiff as a private citizen has no standing to prosecute a criminal action against defendant Ruggiero.

Although the court would ordinarily grant a pro se plaintiff leave to amend, it does not appear that the above-mentioned defects can be cured by more detailed factual allegations or revision of plaintiff's claims, because defendant Ruggiero is absolutely immune from liability for damages.  Accordingly, leave to amend would be futile and the action should be dismissed with prejudice.

For the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (dkt. no. 3) is granted.

IT IS ALSO HEREBY RECOMMENDED that:

1. The action be dismissed with prejudice, and
2. The case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

(14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 13, 2012

                          /s/ Gregory G. Hollows
               UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Crosswhite.1493.ifp-fr.wpd